IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 13-CV-61183-KMM

JOHN S. CARPENTER,

    Appellant,

vs.

SCOTT N. BROWN,

    Appellee.
_____/

## ORDER

THIS CAUSE is before the Court on an appeal from the bankruptcy court's February 7, 2013 Order Sustaining Trustee's Objection to Debtor's Claimed Homestead Exemption and Granting Motion to Compel Turnover of Proceeds. This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a)(1) and Fed. R. Bankr. P. 8001. For the reasons stated herein, the bankruptcy court's judgment is affirmed.

### FACTUAL BACKGROUND

This appeal concerns whether Appellant can keep the proceeds from the sale of his home under the Homestead Exemption of the Florida Constitution. See Fla. Const. Art. X, § 4(a) and Fla. Stat. §§ 222.01 and 222.02 (collectively, the "Homestead Exemption"). The essential facts in this appeal are undisputed. On June 12, 2012, John S. Carpenter (the "Debtor" or "Appellant") filed a Chapter 7 Voluntary Petition in bankruptcy court. Scott N. Brown (the "Trustee" or "Appellee") is the duly appointed Chapter 7 Trustee of the Debtor's bankruptcy estate.

As of June 12, 2012 (the "Petition Date"), the Debtor owned real property in Deerfield Beach, Florida (the "Property"), which he had contracted to sell.[1] The Property was valued at $245,000.00 on the Debtor's bankruptcy Schedule A, with a mortgage encumbrance valued at $67,432.00 on Schedule D. The Debtor claimed the Property as exempt on Schedule C pursuant to the Homestead Exemption. The Debtor was still living at the Property on the Petition Date, though the contract for sale required the parties to close on June 15, 2012, unless otherwise extended by the parties, and provided for specific performance in the event of a seller default.

On June 20, 2012, eight days after the Petition Date, the sale closed. The Debtor and his co-owner received $157,577.52 in cash and divided the net sales proceeds equally. The Debtor's portion came to $78,788.76 (the "Sale Proceeds"). The Debtor testified that he did not intend to reinvest the proceeds from the sale in a new homestead, as he was moving to Massachusetts to live with relatives shortly after the Petition Date. The Debtor spent approximately $3,000.00 of the Sale Proceeds after the Petition Date to helping with moving expenses. The balance of the Sale Proceeds ($75,871.95) is on deposit in the Debtor's bank account. That money is currently frozen pursuant to the Agreed Final Judgment entered by the bankruptcy court in Adversary Proceeding No. 12-2093-RBR.[2]

On February 7, 2013, the bankruptcy court entered its Order Sustaining Trustee's Objection to Debtor's Claimed Homestead Exemption and Granting Motion to Compel Turnover of Proceeds (the "Order"). See Order (ECF No. 2-6). Therein, the bankruptcy court found that the Debtor is not entitled to the Homestead Exemption and the Sale Proceeds are subject to turnover. The Debtor now appeals the Order. The issues currently before this Court are: (a) whether the Debtor is entitled

---

[1] On May 7, 2012, Debtor and the co-owner of the Property entered into a Contract for Sale and Purchase with a purchaser to sell the Property for $245,000.00.
[2] The Debtor did not seek review of that final judgment.

to claim the Homestead Exemption with respect to the Property; and (b) whether the Sale Proceeds are entitled to the protection of the Homestead Exemption.

## STANDARD OF REVIEW

While a district court reviews the bankruptcy court's legal conclusions *de novo*, it "must accept the bankruptcy court's factual findings unless they are clearly erroneous, and give due regard to the bankruptcy court's opportunity to judge the credibility of the witnesses." In re Englander, 95 F.3d 1028, 1030 (11th Cir. 1996) (citations omitted).  Mixed questions of law and fact are reviewed *de novo*.  In re Lentek Int'l, Inc., 346 Fed. App'x 430, 433 (11th Cir. 2009).  "Under *de novo* review, [a] Court independently examines the law and draws its own conclusions after applying the law to the facts of the case, without regard to decisions made by the Bankruptcy Court." In re Brown, No. 6:08-cv-1517-Orl-18DAB, 2008 WL 5050081, at *2 (M.D. Fla. Nov. 19, 2008) (citing In re Piper Aircraft Corp., 244 F.3d 1289, 1295 (11th Cir. 2001)).  A bankruptcy court's finding of a debtor's intent is an issue of fact reviewed for clear error.  See In re Gaines, Case No. 3:07-CV-1158-J-32, 2008 WL 3200276 (M.D. Fla. Aug. 5, 2008).

## DISCUSSION

The Parties' dispute centers on the applicability of the Homestead Exemption to the Debtor's sale of his home.  "Ordinarily, property established as a homestead is exempt from creditor's claims against the bankruptcy estate." In re Frederick, 183 B.R. 968, 971 (Bankr. M.D. Fla. 1995).  In this case, however, the bankruptcy court found that the Debtor failed to merit the Homestead Exemption.  See Order, at 4.  The Debtor argues that the bankruptcy court erred in not liberally construing the Homestead Exemption in favor of preserving the exemption.  Reply Br., at 3.  It is the Debtor's position that because he was residing at the Property on the Petition Date and

3

the sale did not close until after the Petition Date, the Homestead Exemption should apply.[3]  Initial Br., at 10.  In response, the Trustee contends that the uncontroverted evidence shows, and the bankruptcy court correctly found, that the Debtor lacked the requisite intent on the Petition Date to claim the Property under the Homestead Exemption and that the sale proceeds of real property for which there is no valid claim of homestead are likewise not exempt.  Resp. Br., at 6.

Article X, § 4(a)(1) of the Florida Constitution provides:

"(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:
  (1) a homestead . . . upon which the exemption shall be limited to the residence of the owner or the owner's family."

Fla. Const. Art. X, § 4(a)(1).

Florida's homestead exemption is liberally construed so as to protect homeowners.  In re Gaines, 2008 WL 3200276 at *2; see also In re Brown, 165 B.R. 512, 514 (Bankr. M.D. Fla. 1994); Hillsborough Inv. Co. v. Wilcox, 13 So.2d 448, 450 (Fla. 1943).  "At the same time, the Court must take care to prevent it from becoming an instrument of fraud."  In re Bratty, 202 B.R. 1008, 1009 (Bankr. S.D. Fla. 1996).  "Homestead status is established by the *actual intention to live permanently* in a place coupled with actual use and occupancy."  In re Gaines, 2008 WL 3200276 at *2 (citing In re Frederick, 183 B.R. at 970–71) (emphasis added); see also Wilcox, 13 So.2d 448.  Once a property becomes a homestead, it does not lose that status until it is abandoned.  In re Frederick, 183 B.R. at 971.  "A homestead has been abandoned when it is no longer a 'bona fide home and place of permanent abode.'"  Id. (quoting In re McCarthy, 13 B.R. 389, 390 (Bankr. M.D. Fla. 1981)).  "In determining whether a homestead has been abandoned, the owner's intent is the

---

[3] Exemptions are determined as of the date of the filing of the petition in bankruptcy court.  See 11 U.S.C. § 522(b)(2)(A) (providing that an individual debtor may exempt from his bankruptcy estate "any property that is exempt under Federal law . . . or State or local law that is applicable on the date of the filing of the petition.").

main consideration and physical absence 'is not determinative.'" In re Gaines, 2008 WL 3200276 at *2 (quoting In re Mackey, 158 B.R. 509, 513 (Bankr. M.D. Fla. 1993)).

In this action, the bankruptcy court found that the Debtor failed to satisfy the intent prong of the Homestead Exemption. See Order, at 4. The bankruptcy court determined, "the Debtor did not possess the requisite intent to 'live permanently' at the Property on the Petition Date. . . . As such, this Court finds that the Debtor abandoned the Property for purposes of the Homestead Exemption and is not entitled to an exemption for the Property." Id. "Deference to the bankruptcy court's findings is 'particularly appropriate' because the intent determination will often depend on that court's 'assessment of the debtor's credibility.'" In re Jennings, 533 F.3d 1333, 1338 (11th Cir. 2008) (quoting In re Krehl, 86 F.3d 737, 743 (7th Cir. 1996)).

The Debtor's argument that "a homestead is intact as long as the owner lives there, whether or not a contract for sale exists" goes against the weight of Florida law. See, e.g. In re Frederick, 183 B.R. at 971 (finding that "in placing the property on the market for sale or lease, defendant abandoned his intent to use and occupy the property as a permanent place of residence, and the property no longer qualifies for the homestead exemption."); In re McCarthy, 13 B.R. at 390 (concluding that the homestead exemption did not apply where the debtors abandoned the homestead and did not have the intent or ability to establish a new homestead); Smith v. Hamilton, 428 So.2d 382, 384 (Fla. Dist. Ct. App. 1983) (holding that appellant's actions in listing the house for sale, signing the deposit receipt contract, and making a counter-offer demonstrated that appellant lacked the requisite intent to establish the house as his homestead). "[W]hat constitutes an abandonment or relinquishment of the homestead must be determined from the pertinent facts and circumstances of each case as it arises." In re McCarthy, 13 B.R. at 390 (citing Gulf Refining Co. v. Ankeny, 102 Fla. 151 (Fla. 1931)). Here, it is undisputed that the Debtor entered into a sales

5

contract to sell his house prior to the Petition Date,[4] closed on the sale only eight days after the Petition Date, did not intend to reinvest the Sale Proceeds in a new homestead, spent a portion of the Sale Proceeds on moving expenses, and moved to Massachusetts shortly after the Petition Date. Accordingly, the bankruptcy court concluded that the Debtor had abandoned the Property for purposes of the Homestead Exemption and was not entitled to an exemption for the Property. This Court can find no clear error in the bankruptcy court's factual findings or in the application of the law to those facts.

Finding that the Property is not entitled to the Homestead Exemption, this Court further concludes that the Sales Proceeds are not entitled to the protection of the Homestead Exemption. The law is clear that the proceeds from the sale of a home in which the debtor has no valid claim of homestead are likewise not exempt. See In re Steffen, 391 B.R. 874, 881 (Bankr. M.D. Fla. 2008). Furthermore, the sale proceeds from a homestead are exempt from the claims of creditors "only if the seller shows by a preponderance of the evidence an abiding good faith intention prior to and at the time of the sale of the homestead to reinvest the proceeds in another homestead within a reasonable time." Orange Brevard Plumbing & Heating Co. v. La Croix, 137 So.2d 201, 206 (Fla. 1962). Here, it is undisputed that the Debtor did not intend to reinvest the proceeds in another homestead and instead used a portion of the Sales Proceeds on his expenses in moving to Massachusetts. Accordingly, the bankruptcy court correctly determined that the Sales Proceeds are subject to turnover.

## CONCLUSION

Accordingly, for the foregoing reasons, the bankruptcy court's February 7, 2013 Order Sustaining Trustee's Objection to Debtor's Claimed Homestead Exemption and Granting Motion to

---

[4] Once Debtor entered into the sales contract, he was legally obligated to sell the Property. See Order, at 4. Pursuant to the terms of the contract, the buyer could have obtained specific performance. Id.

Compel Turnover of Proceeds is AFFIRMED.  The Clerk of Court is directed to CLOSE this case.

All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this  9th   day of August, 2013.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record